UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSHUA EDWIN GATES #462283,   Case No. 2:24-cv-00131

    Plaintiff,   Hon. Jane M. Beckering
                                                              U.S. District Judge

v.

CHRIS R. BECKER,

    Defendant

_____/

## REPORT AND RECOMMENDATION

### I. Introduction

On August 5, 2024, *Pro se* Plaintiff state prisoner Joshua Edwin Gates filed a civil complaint against Kent County Prosecuting Attorney (PA) Chris R. Becker pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Gates was granted *in forma pauperis* status on August 6, 2024. (ECF No. 5.) This is the third time that Gates has filed a lawsuit against PA Becker in this Court. Gates filed nearly identical complaints against Becker in cases 1:20-cv-834 and 2:22-cv-16. Both cases were dismissed as frivolous.

Once again, Gates sues PA Becker seeking declaratory and injunctive relief. Gates says that when PA Becker filed an information and complaint against him, Becker "caused a use tax to occur within a federal area." (ECF No. 1, PageID.2.) Gates says that the use tax was never collected, thus violating his right to due process. (*Id*.) Gates requests a declaration that his rights were violated, and an injunction "ordering defendant to levy a use tax against plaintiff." (*Id*., PageID.4.)

1

For the reasons previously explained by this Court, Gates's frivolous complaint fails to state a claim upon which relief may be granted. It is respectfully recommended that the Court dismiss the complaint.

**II. Standard of Law**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "'probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true,

2

unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III. Analysis

Gates filed two similar lawsuits alleging that PA Becker failed to collect a use tax. Gates first filed a complaint against PA Becker on August 31, 2020, asserting that Becker failed to impose a use tax. (Case No. 1:20-cv-834, ECF No. 1.) On September 17, 2020, Judge Neff entered an Opinion and Judgment dismissing that lawsuit as frivolous. (*Id.*, ECF Nos. 4 and 5.) Judge Neff dismissed the case on sovereign immunity grounds. (*Id.*)

Gates made a second attempt to file a lawsuit against Becker on January 25, 2022, again claiming that Becker failed to impose a use tax. (Case No. 2:22-cv-16, ECF No. 1.) On March 9, 2022, Judge Beckering issued an Opinion and Judgment dismissing that lawsuit as frivolous. (*Id.*, ECF Nos. 7 and 8.) Judge Beckering held that because Gates was calling into question the validity of his conviction and imprisonment his claims were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Id.*)

For the reasons already explained in the prior cases, it is the opinion of the undersigned that Gates's claims should be dismissed. In addition, the Court has already ruled twice on the issues that Gates reasserts in this most recent complaint against PA Becker. In both cases, Gates failed to appeal the dismissals of his complaints.

As recognized by the Court in *Faber v. Carey*, No. 1:17-CV-784, 2017 WL

4784405, at *3 (W.D. Mich. Oct. 24, 2017):

> The doctrine of res judicata, also called claim preclusion, means that a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Res judicata is an affirmative defense, Fed. R. Civ. P. 8(c), and "[c]ourts generally lack the ability to raise an affirmative defense sua sponte." *Neff v. Flagstar Bank, FSB*, 520 F. App'x 323, 327 (6th Cir. 2013) (quoting *Hutcherson v. Lauderdale Cnty.*, 326 F.3d 747, 757 (6th Cir. 2003)). The Court "may take the initiative to assert the res judicata defense sua sponte in 'special circumstances.'" *Id.* (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000)). One such special circumstance occurs when "a court is on notice that it has previously decided the issue presented." *Arizona*, 530 U.S. at 412.

*Id.*

Here, the Court is on notice that Gates has previously filed identical causes of actions that have been dismissed as frivolous. Accordingly, because the Court is on notice of the previous decisions, it is the opinion of the undersigned that the Court can apply the res judicata doctrine to Plaintiff's complaint.

Res judicata applies when: (1) the previous lawsuit ended in a final judgment on the merits; (2) the previous lawsuit was between the same parties or their privies; and (3) the previous lawsuit involved the same claim or cause of action as the present case. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also Moitie*, 452 U.S. at 398.

All the requirements of res judicata are met here. Gates sued PA Becker two previous times asserting the identical claim that he asserts in this case. Both times the Court dismissed his complaint for failing to state a claim upon which relief may be granted. Accordingly, it is recommended that the Court find that Gates cannot succeed on his third attempt to file this identical cause of action against PA Becker.

4

Alternatively, the Court may dismiss Gates's complaint for the same reasons as set forth in the Opinions and Judgments in cases 1:20-cv-834 and 2:22-cv-16.

## IV. Recommendation

For these reasons, the undersigned respectfully recommends that the Court dismiss the complaint as frivolous.

Dated:  August 15, 2024                                              /s/ *Maarten Vermaat*
                                                                     MAARTEN VERMAAT
                                                                     U. S. MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).